# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

FDIC as Receiver for AMTRUST BANK, f/k/a Ohio Savings Bank, a federal savings bank, et al.,

        Plaintiff(s),

v.

REX H. LEWIS, et al.,

        Defendant(s).

Case No. 2:10-CV-439 JCM (VCF)

ORDER

Presently before the court is defendant/judgment debtor Rex H. Lewis's ("Lewis") motion to dissolve the court's order enjoining Lewis from transferring assets, or, alternatively, for permission to withdraw funds to pay legal fees and living expenses. (Doc. # 71). Plaintiffs/counter-defendants Iota Cinnamon, LLC, Iota Coral, LLC, Iota Red, LLC, Iota Royal, LLC, and Iota Violet, LLC, ("IOTA entities") filed a response in opposition, (doc. # 72), and Lewis filed a reply. (Doc. # 75).

## I.     Background

This is a real property foreclosure case. The court's November 28, 2012 order granted summary judgment in favor of IOTA entities on their claims against Lewis and entities controlled by Lewis. (Doc. # 41). On April 25, 2014, the court entered an amended judgment in favor of IOTA entities and against Lewis for approximately $55,000,000. (Doc. # 59).

On July 3, 2014, the court granted IOTA entities' ex parte motion enjoining Lewis from transferring assets worth $5,000 or more. (Doc. # 65). Pursuant to the order, Lewis must move the court for leave before engaging in any such transfers. Further, the injunction is to remain in effect until it is dissolved or the amended judgment against Lewis is satisfied. The judgment

against Lewis has not been satisfied. On August 15, 2014, Lewis filed the instant motion. (Doc. #71).

**II.     Legal Standard**

The procedure for executing a money judgment in federal court "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). Under Nevada law, a court may enter an injunction to prevent a defendant from taking any act 'in violation of the plaintiff's rights respecting the subject of the action, and tending to render the judgment ineffectual." NRS 33.010(3).

**II.     Analysis**

   *a. Motion to dissolve order enjoining transfer of assets*

Lewis argues the order enjoining him from transferring assets should be dissolved. He argues that dissolution is proper because the order is essentially a temporary restraining order that should have expired 15 days after entry or, alternatively, because the order is an injunction which was issued without a bond.

The order enjoining Lewis from transferring assets is clearly authorized under NRS 33.010(3) as an injunction to protect the enforceability of the judgment against Lewis. The court found that Lewis had transferred significant assets during this case and that any further transfers could violate the rights of IOTA entities and render the judgment against Lewis ineffectual. (Doc # 65). Based on this finding, the court entered the order enjoining Lewis from transferring assets. Since the order was entered after judgment had been entered against Lewis, the order is not "essentially a temporary restraining order", as argued by Lewis. Rather, the order is a permanent injunction. The court rejects Lewis's argument that the order should have expired 15 days after entry as a temporary restraining order.

Lewis's argument that the order should be dissolved because it was issued without a bond is likewise unpersuasive. Federal Rule of Civil Procedure 65(c) explicitly refers to posting of bond only in connection with temporary restraining orders and preliminary injunctions. The rule does not require an applicant to post bond in connection with entry of a permanent injunction.

*See G.C. and K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1108 n.8 (9th Cir. 2003). Because the order was entered post-judgment it is a permanent injunction and no bond is required.

Moreover, even if the order enjoining Lewis from transferring assets was a preliminary injunction, the mere absence of a bond would not render it invalid. Rule 65(c) does not require the posting of security in connection with a preliminary injunction in every instance. Rather, Rule 65(c) "invests the district court 'with discretion as to the amount of security required, *if any*.'" *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (italics in original; *quoting Barahona-Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999)).[1]

Accordingly, the court rejects Lewis's claim that the injunction should be dissolved because it was issued without a bond. Accordingly, Lewis's motion to dissolve the order enjoining him from transferring assets will be denied.

*b. Motion to transfer assets for legal fees and living expenses*

Alternatively, Lewis moves for permission to withdraw funds from an IRA account owned by him containing $128,105.05, to pay legal fees and living expenses. (Doc #71). Lewis has retained Leland Eugene Backus, Esq., of Backus, Carranza, & Burden to represent him in ongoing litigation stemming from the amended judgment in the instant case.[2] The firm has requested a retainer in the sum of $55,000 to undertake this representation. (*Id.* at 6).

IOTA entities contend Lewis has no need to hire an attorney simply to respond to discovery requests pertaining to his assets. This argument is unpersuasive. Lewis must respond to the judgment creditors' complex interrogatories and document requests in addition to undergoing a judgment debtor examination. The court will grant Lewis permission to withdraw the retainer fee of $55,000 so that he has representation in these proceedings.

---

[1] Other circuits have also construed Fed. R. Civ. P. 65(c) as investing the district court with discretion as to the amount of security required or whether to require posting of security at all. *See, e.g., Doctor's Associates, Inc. v. Stuart*, 85 F.3d 975, 985 (2d Cir. 1996) (affirming district court's decision not to require bond); *Moltan Co. v. Eagle-Picher Indus., Inc*. 55 F.3d 1171, 1176 (6th Cir. 1995) (district court has discretion to require posting of security).

[2] Mr. Backus also represented Lewis during all pre-judgment proceedings in the instant case.

**James C. Mahan**
**U.S. District Judge**

- 3 -

Lewis also requests permission to withdraw $15,000 for upcoming dental implant surgery and $5,000 per month for living expenses. The order enjoining Lewis from transferring assets only requires him to seek leave of court for transferring any asset he currently owns which is worth $5,000 or more. The order does not prohibit Lewis from buying goods or services which are individually worth less than $5,000. Therefore, Lewis need not seek court permission to transfer $5,000 per month for living expenses.

Finally, Lewis has not provided sufficient proof to warrant permission to withdraw $15,000 for dental implant surgery. Lewis's motion does not state which dental implant surgery he plans to undergo, what necessitates the surgery, where he plans to undergo the surgery, or even what date he plans to undergo the surgery. Therefore, the court will deny Lewis's request to withdraw $15,000 for an unspecified dental implant surgery.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Rex H. Lewis's motion to dissolve order enjoining Lewis from transferring assets, or, alternatively, for permission to withdraw funds, (doc. # 71), be, and hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

DATED October 1, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -