# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

FDIC as Receiver for AMTRUST BANK, *et al.*,

    Plaintiffs,

vs.

REX H. LEWIS, *et al.*,

    Defendants.

2:10-cv-00439-JCM-VCF

**ORDER**

    Before the court is the Motion to Strike Language from Stipulated Order (Dkt. No. 70) or in the Alternative Motion Seeking Relief from Said Order Relative to Waiver of Objections. (#76).

    A hearing on the Motion to Strike Language from Stipulated Order (Dkt. No. 70) or in the Alternative Motion Seeking Relief from Said Order Relative to Waiver of Objections (#76) was held on November 5, 2014. The court canvassed and heard representations from the parties.

**Motion:**

    Defendant Rex H. Lewis seeks to strike two words from paragraph 5 of the Stipulation to Extend Deadline for Rex H. Lewis to Respond to Judgment Creditors Discovery Requests and Continue Judgment Debtor Examination [Dkt. 70], which was executed by counsel for Judgment Creditors and Judgment Debtor. (#70).

    Paragraph 5 of the stipulation states, "The parties further agree that Lewis shall serve his complete responses, without objection, to Judgment Creditors' interrogatories and document requests on or before September 5, 2013."

    Leland Eugene Backus, Esq., counsel for Rex H. Lewis, asserts that it was not his intention to waive any right to object to the outstanding discovery requests. *Id.* During the discussion between the

parties regarding the stipulation, the issue of a waiver of objections by Judgment Debtor was not mentioned.    Mr. Backus admits that he granted permission to Judgment Creditors' counsel to add his electronic signature to the stipulation with the understanding that the stipulation would reflect what they had discussed.  Mr. Backus did review the stipulation prior to giving his permission for electronic signature.  However, he claims that due to his in transit state during his traveling, he was unable to properly review the stipulation on his iPhone.  He relied on Judgment Creditors' counsel to draft the stipulation to strictly reflect the issues that they had previously discussed.  *Id.*

**Response to Motion:**

In the Response to the Motion for Relief from Stipulation and Order, (#78) Judgment Creditors argue that Lewis voluntarily stipulated that he would "serve his complete responses, without objection, to Judgment Creditors' interrogatories and document requests on or before September 5, 2013"  and that there is no basis for setting aside the parties' unambiguous stipulation.  This would prejudice the Judgment Creditors by "preventing them from obtaining the information they bargained for when they entered the stipulation." *Id.*

In the Reply in support of the motion, Defendant Lewis states that there is no prejudice to the Judgment Creditors for allowing him "additional time to respond to two comprehensive discovery requests, from August 2 to September 5, and concomitantly move the Judgment Debtor examination to September 30.  That one month extension cost the IOTA Plaintiffs nothing."  (#79).

**Analysis:**

It is at the discretion of this court to grant such an order that would strike paragraph 5's provisions regarding the waiver of Judgment Debtor's right to object to Judgment Creditors' discovery requests. *See Richfield Oil Corp. v. State Bd. of Equalization*, 329 U.S. 69, 67 S.Ct. 156 (U.S. 1946) (relief from a stipulation maybe granted in the sound discretion of the trial court in cases  where the facts stipulated have changed, there is fraud, mistake of fact, or other special circumstance rendering it unjust

to enforce the stipulation.) (citing *Sacre v. Chaiupnik*, 188 Cal. 386,205 P. 449; *Back v. Farnsworth*, 25 Ca1.App.2d 212, 77 P.2d 295; *Sinnock v. Young*, 61 Cal.App.2d 130, 142 P.2d 85; 161 A.L.R. 1163). Based on the briefings and the representations from counsel, the court finds that the "without objection" provision in the stipulation was not bargained for between the parties.  It would be unjust to preclude Mr. Lewis from objecting to the discovery at issue.

Accordingly,

IT IS HEREBY ORDERED that the Motion to Strike Language from Stipulated Order (Dkt. No. 70) or in the Alternative Motion Seeking Relief from Said Order Relative to Waiver of Objections (#76) is GRANTED.  The words "without objection" are stricken from the Stipulation to Extend Deadline for Rex H. Lewis to Respond to Judgment Creditors' Discovery Requests and to Continue Judgment Debtor Examination (#70).

IT IS SO ORDERED.

Dated this 6th day of November, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE