UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FDIC as Receiver for AMTRUST BANK, f/k/a Ohio Savings Bank, a federal savings bank, et al.,<br><br>                          Plaintiff(s),<br><br>         v.<br><br>REX H. LEWIS, et al.,<br><br>                          Defendant(s). | Case No. 2:10-CV-439 JCM (VCF)<br><br>ORDER |

Presently before the court are the report and recommendation of Magistrate Judge Ferenbach. (Doc. # 146). Judgment debtor Rex Lewis (hereinafter "judgment debtor") filed objections to the report and recommendation, (doc. # 148), and judgment creditors the IOTA entities ("judgment creditors") filed a response, (doc. # 156). Judgment debtor then filed a "reply in support of objections." (Doc. # 164).

Also before the court is judgment creditors' motion to strike judgment debtor's reply. (Doc. # 167). Judgment debtor filed a response. (Doc. # 168).

Also before the court is judgment debtor's motion for leave to file reply brief. (Doc. # 169).

**I.     Background**

This dispute arose out of five commercial loan agreements guaranteed by judgment debtor. Each loan was secured by one or more deeds of trust on the relevant properties. After Nevada's real estate market crashed in 2008, the borrowers on the loans defaulted and the banks foreclosed on the properties. Substantial debts remained after the foreclosure sales. (Doc. # 146).

**James C. Mahan**
**U.S. District Judge**

Judgment creditors filed a deficiency judgment action against judgment debtor as guarantor of the loans. (Doc. # 1). Judgment creditors moved for summary judgment, and judgment debtor did not oppose the motions. The court granted summary judgment and entered judgment in favor of judgment creditors. (Docs. # 41, 59).

Judgment creditors are currently in the process of conducting postjudgment discovery in an attempt to recover on the court's judgment. While judgment debtor's net worth previously exceeded $100 million, he now claims that he has no assets. (Doc. # 146).

## II.      Legal Standard

A party may file specific written objections to the findings and recommendations of a United States magistrate judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Where a party timely objects to a magistrate judge's report and recommendation, the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.* Pursuant to Local Rule IB 3-2(a), a party may object to the report and recommendation of a magistrate judge within fourteen days from the date of service of the findings and recommendations. D. Nev. R. IB 3-2(a).

## III.     Discussion

The court will first address the parties' motions to strike and for leave to file, followed by the report and recommendation.

   *A. Motions to strike and for leave to file*

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Additionally, district courts have inherent power to control their own dockets, including the power to strike items from the docket. *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010).

Judgment creditors move to strike judgment debtor's purported reply in support of his objections to Judge Ferenbach's report and recommendation. Judgment creditors argue that the

reply (1) "largely consists of personal attacks against counsel for [judgment creditors] and against Magistrate Judge Ferenbach," and (2) is not permitted under the local rules. (Doc. # 167).

In response, judgment debtor claims that he believed a reply was warranted based on the court's docket entry setting a deadline of July 19, 2015, for judgment creditors to file their response to judgment debtor's objections. (Doc. # 168). The docket entry did not reference a reply, and therefore does not support judgment debtor's argument in favor of one. (Doc. # 156).

Judgment debtor also contends that his reply should be allowed because it sets forth significant arguments. (Doc. # 168). However, a party is generally prohibited from raising new issues for the first time in its reply brief. *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990). Where a reply asserts new evidence, the court may strike the information, and should not consider it without giving the opposing party an opportunity to respond. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).

In any case, judgment debtor's "reply in support of objections" is not permitted by the local rules. Local Rule IB 3-2 allows for objections to a report and recommendation within fourteen days of the date of service of the findings. D. Nev. R. IB 3-2(a). The rule further provides that the opposing party may respond to the objections within fourteen days thereafter. *Id.*

The local rule does not provide for a reply in support of objections to a report and recommendation. *See* D. Nev. R. IB 3-2(a). Accordingly, the court will grant judgment creditors' motion to strike. *See Mizzoni v. State of Nev. Dep't of Corrs.*, No. 3:11-cv-00186-LRH-WGC, 2014 WL 4162252, at *1 (D. Nev. Aug. 20, 2014) (granting motion to strike on grounds that federal and local rules do not permit such a reply).

Further, judgment debtor has not demonstrated good cause warranting leave to file his reply. *See Alutiiq Intern. Solutions, LLC v. OIC Marianas Ins. Corp.*, 305 F.R.D. 618, 629 (D. Nev. 2015) (denying motion for leave to file reply to objections based on local rule and lack of good cause).

Judgment debtor has had ample opportunity to address the instant motions, both before Judge Ferenbach and in his objections to the report and recommendation. The court will not permit

James C. Mahan
U.S. District Judge

- 3 -

1 endless briefing in this case, and will therefore deny judgment debtor's motion for leave to file his reply.

The court will now address Judge Ferenbach's report and recommendation and the underlying motions.

*B.   Report and recommendation*

In his report and recommendation, Magistrate Judge Ferenbach recommended that judgment debtor's motion for relief from judgment, (doc. # 125), be denied, and that judgment debtor's motion to withdraw funds from his IRA, (doc. # 89), be denied.  Judge Ferenbach also recommended that judgment creditors' motion to declare judgment debtor's residence subject to execution, (doc. # 108), be granted, and that judgment debtor be sanctioned under Rule 37(b)(2)(A)(i)-(ii).  (Doc. # 146).

Judgment debtor objects to all of Judge Ferenbach's recommendations.  The court will review each recommendation *de novo*, addressing the recommendations in the order in which they were made.

*i.   Motion for relief from judgment*

Under Federal Rule of Civil Procedure 60, the court may relieve a party from a final judgment in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. Fed. R. Civ. P. 60(b).  Rule 60(d)(3) provides that the court has power to set aside a judgment for fraud on the court. Fed. R. Civ. P. 60(d)(3).

Judgment debtor moves for relief from the court's amended judgment, (doc. # 59), under Rules 60(b)(1), 60(b)(6), and 60(d)(3).  (Doc. # 125).  Judgment debtor contends that judgment creditors improperly failed to advise the court that any monetary judgment against him had been expressly limited to $11,365,000, by a guaranty agreement between the parties.  (Doc. # 125).

Judge Ferenbach recommended that the motion be denied for five reasons.  (Doc. # 146). Reviewing the report and recommendation *de novo*, the court agrees.  First, judgment debtor

**James C. Mahan**
**U.S. District Judge**

- 4 -

waived his arguments under Rule 60(b) by failing to oppose judgment creditors' motion for summary judgment. *See Frederick S. Wyle Prof. Corp. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985) (noting that reconsideration is not warranted based on evidence that was available but not raised at summary judgment).

Second, judgment debtor's motion for relief from judgment seeks reconsideration of the court's summary judgment order, and is therefore untimely. *See* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time . . . no more than a year after the entry of the judgment or order . . . ."); *see also* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

Third, judgment debtor's motion does not provide grounds for relief under Rule 60(b)(6) for "any another reason justifying relief from the judgment." *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 862 (1988) (noting that relief under clause (6) is appropriate only where a motion "is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)"); *Maraziti v. Thorpe*, 52 F.3d 252, 254 (9th Cir. 1995) (providing that relief under this rule is reserved for "extraordinary circumstances").

Fourth, as Judge Ferenbach noted, judgment debtor's Rule 60(d)(3) "fraud on the court" argument is frivolous. In the face of judgment creditors' summary judgment motion, judgment debtor failed to raise any genuine dispute of material fact as to his liability for the deficiency amounts in this case. Judgment debtor's allegations of fraud do not warrant relief under the narrow definition of Rule 60(d)(3). *See Appling v. State Farm Mut. Auto Ins. Co.*, 340 F.3d 769, 780 (9th Cir. 2003).

Fifth, for the reasons articulated in Judge Ferenbach's report and recommendation, the court rejects judgment debtor's arguments regarding the guaranty agreements. The evidence does not support a finding that the supplemental guaranty superseded the modification agreement to the 2004 guaranty. The court also finds judgment debtor's argument that the supplemental guaranty limits total liability to $11,365,000, to be unpersuasive. (*See* doc. # 146).

**James C. Mahan**
**U.S. District Judge**

Based on the foregoing, the court therefore finds it appropriate to adopt Judge Ferenbach's recommendation as to judgment debtor's motion for relief from judgment. The court will deny the motion.

### ii. *Motion to withdraw funds from IRA*

The court previously enjoined judgment debtor from transferring any assets in excess of $5,000. (Doc. # 65). Judgment debtor filed a motion for permission to transfer up to $15,000 per month from his IRA account to pay his legal fees. (Doc. # 89). Judgment creditors "generally [did] not oppose this request," but asked that the court "require [judgment debtor] to produce all monthly account statements since December 31, 2009 for the subject IRA and for any other accounts he holds." (Doc. # 93).

Judge Ferenbach recommends that the court deny the instant motion, as judgment debtor has not shown that relief from the court's injunction is warranted based on the high standard of Rule 60(b)(6). (Doc. # 146). "A party seeking modification or dissolution of an injunction bears the burden of establishing that a significant change in facts or law warrants revision or dissolution of the injunction." *Sharp v. Weston*, 233 F.3d 1166, 1170 (9th Cir. 2000).

Judgment debtor objects on the grounds that his IRA account is exempt from execution under Nevada law. (Doc. # 148). Judgment creditors respond that judgment debtor "does not explain why he cannot use his millions of dollars in offshore assets for this purpose." (Doc. # 156).

Having reviewed the parties' filings and the evidence *de novo*, the court finds it appropriate to adopt Judge Ferenbach's recommendation and deny judgment debtor's motion. The fact that judgment debtor's IRA account may be exempt from execution does not necessitate modification of the injunction. The circumstances surrounding this case justify the asset freeze imposed by the court.

As Judge Ferenbach recognized, "[t]he record demonstrates that [judgment debtor] is directing his attorney in such a manner that full compliance with the court's orders is not achieved." (Doc. # 146). Accordingly, the court does not find good cause to modify its prior order enjoining judgment debtor from transferring assets in amounts above $5,000.

James C. Mahan
U.S. District Judge

Notably, Judge Ferenbach granted the parties leave to submit a stipulation modifying the injunction to permit judgment debtor's desired withdrawals under certain circumstances. Should the parties agree on appropriate parameters for judgment debtor's desired withdrawals, they may file a stipulation with the court.

### iii. *Motion to declare judgment debtor's residence subject to execution*

Judgment creditors next ask the court to declare judgment debtor's home subject to execution. (Doc. # 108). Judge Ferenbach recommended that the motion be granted. Judge Ferenbach also recommended that the court sanction judgment debtor under Federal Rule of Civil Procedure 37(b)(2)(A)(i)-(ii), by prohibiting him from demonstrating that his homestead or dwelling is exempt from execution under Nevada law. (Doc. # 146).

Judgment debtor objects to this recommendation on a number of grounds. (Doc. # 148). The court has reviewed the relevant evidence and filings *de novo*. The court concurs with Judge Ferenbach's recommendation and its underlying reasoning in their entirety.

As Judge Ferenbach noted, dwellings are exempt from execution under Nevada Revised Statute 21.090, "except as otherwise specifically provided in [that] section or required by federal law." Nev. Rev. Stat. 21.090(1)(l)-(m). "Statutes permitting execution against specified kinds of property must be liberally construed for the benefit of creditors." *Sportsco Enters v. Morris*, 917 P.2d 934, 937 (Nev. 1996).

On April 25, 2014, the court entered an amended judgment after granting summary judgment in favor of judgment creditors. (Doc. # 59). Under Federal Rule of Civil Procedure 69(a)(2), judgment creditors are entitled to discovery from judgment debtor "[i]n aid of the judgment or execution." Fed. R. Civ. P. 69(a)(2). In the present case, judgment debtor has repeatedly evaded and hindered the post-judgment discovery process "in order to frustrate the judgment creditors' execution." (*See* docs. # 88, 146).

Rule 37(b)(2)(A) provides that where a party fails to obey a discovery order, the court may impose sanctions "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; [or] (ii) prohibiting

James C. Mahan
U.S. District Judge

- 7 -

the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence . . . ." Fed. R. Civ. P. 37(b)(2)(A)(i)-(ii).

On these grounds, the court will grant the motion. Judgment debtor is hereby sanctioned under Rule 37(b)(2)(A)(i)-(ii) and therefore precluded from attempting to demonstrate that the property in question is exempt from execution under Nevada law. This applies to execution under any guaranty agreement, as recommended by Judge Ferenbach.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the report and recommendation of Magistrate Judge Ferenbach, (doc. # 146), be, and the same hereby are, ADOPTED in their entirety.

IT IS FURTHER ORDERED that judgment debtor's motion for relief from judgment, (doc. # 125), be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that judgment debtor's motion to withdraw funds from his IRA, (doc. # 89), be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that judgment creditors' motion to declare judgment debtor's residence subject to execution, (doc. # 108), be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that judgment debtor is sanctioned under Federal Rule of Civil Procedure 37(b)(2)(A)(i)-(ii) and prohibited from attempting to demonstrate that his homestead or dwelling is exempt from execution under Nevada law. This applies to execution under any guaranty agreement.

IT IS FURTHER ORDERED that judgment creditors' motion to strike, (doc. # 167), be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that judgment debtor's reply, (doc. # 164), be, and the same hereby is, STRICKEN from the record.

. .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 8 -

1   IT IS FURTHER ORDERED that judgment debtor's motion for leave to file reply brief,
2   (doc. # 169), be, and the same hereby is, DENIED.
3   DATED July 29, 2015.

_____
UNITED STATES DISTRICT JUDGE