**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, *et al.*, <br><br>  Plaintiffs, <br> vs. <br><br> REX H. LEWIS, *et al.*, <br><br>  Defendants. | Case No. 2:10–cv–439–JCM–VCF <br><br> **ORDER** <br><br> MOTION TO APPOINT RECEIVER (#178) <br> MOTION FOR A CONTEMPT ORDER (#181) <br> MOTION TO STAY (#184) |

This matter involves a post-judgment execution proceeding against Rex Lewis. Three motions are before the court: (1) the Judgement Creditors' Motion to Appoint a Receiver (#178); (2) the Judgment Creditors' Motion for an Order Holding Rex Lewis in Contempt (#181); and (3) Lewis' Motion to Stay (#184). For the reasons stated below, the parties' motions are denied.

**DISCUSSION**

On August 27, 2015, Judgment-Debtor Rex H. Lewis filed a Notice of Appeal with the Ninth Circuit, which appeals, *inter alia*, the court's denial of Mr. Lewis' Motion for Relief from Judgment. *See* (Docs. #89, #174, #182). On August 28, 2015, Lewis filed a motion to stay pending a decision by the Ninth Circuit. (Doc. #184).

Federal Rule of Civil Procedure 62 governs stays of proceedings to enforce judgments. In pertinent part, the rule states that the appellant must furnish a proper supersedeas bond. FED. R. CIV. P. 62(d); FED. R. APP. P. 8(a)(1) (a party must ordinarily move first in the district court for a stay pending appeal and approval of the supersedeas bond). "The purpose of the supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove Planting & Refining Co.*

*v. Bache Halsey Stuart, Inc*., 600 F.2d 1189, 1190–91 (5th Cir. 1979). The bond should ordinarily include the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay. *See id*. at 1191 (holding that Rule 62(d) is consistent with its predecessor, Civil Rule 73(d), which required a bond to include such elements).

An appellant may be entitled to a waiver of the bond requirement and a discretionary stay in extraordinary cases. *Townsend v. Holman Consulting Corp*., 929 F.2d 1358, 1367 (9th Cir. 1990). The burden is on the moving party to "objectively demonstrate the reasons for such a departure." *Poplar Grove*, 600 F.2d at 1191. Courts that have examined this question have held that a waiver should be granted only "if the filing of a supersedeas bond would irreparably harm the judgment debtor and, at the same time, such a stay would not unduly endanger the judgment creditor's interest in ultimate recovery." *Cayuga Indian Nation of N.Y. v. Pataki*, 188 F. Supp. 2d 223, 254 (N.D. N.Y. 2002) (internal citations omitted). Upon waiving the full supersedeas requirement, courts "often require alternative security considerably in excess of the amount of the judgment." *Id*. at 255 (internal citations omitted); *see Int'l Telemeter Corp. v. Hamlin Intern. Corp*., 754 F.2d 1492, 1495 (9th Cir. 1985) (holding that a district court may permit security other than a bond).

Here, Lewis' motion to stay asserts that he should not be required to post a bond because Rule 62(f) permits a stay without a bond. This provision states, "[i]f a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give." FED. R. CIV. P. 62(f). Lewis contends that a bond is not required under Rule 62(f) because Nevada law does not require a bond where, as here, a judgment creditor is foreclosing on a judgment debtor's homestead. *See* (Doc. #184 at 7).

This argument fails as a matter of law. Lewis has repeatedly asserted that he does not own the building within which he resides. He asserts that he does not know who pays the building's property taxes

or utilities. He has also repeatedly failed to provide the judgment creditors with information regarding the building's ownership. As a result, on May 29, 2015, the court sanctioned Lewis for his repeated discovery abuses and declared his home subject to execution: "Lewis is sanctioned under Rule 37(b)(2)(A)(i)–(ii) from demonstrating that his homestead or dwelling is exempt from execution under Nevada law. This renders Lewis' home and/or any interest held in it subject to execution under Rule 69 as a matter of law." (Doc. #146 at 19:3–5).

Lewis cannot now claim that the homestead exemption excuses him from posting a bond. Nor does the court find that "extraordinary" circumstances exist to waive Rule 62's bond requirement. *See Townsend*, 929 F.2d at 1367. The record demonstrates that Lewis "has maintained a series of incredible and conflicting positions with regard to his home in order to frustrate the judgment creditors' execution." (Doc. #146 at 19:6–7).

The court, therefore, denies Lewis' motion to stay. Additionally, because Lewis' appeal contests the basis on which the judgment creditors' pending motions seek relief, the court denies the pending motions without prejudice and with leave to renew following a decision by the Ninth Circuit. *See Nat. Resources Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) ("Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed.").

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that the Judgement Creditors' Motion to Appoint a Receiver (#178) is DENIED with leave to refile pending a decision by the Ninth Circuit Court of Appeals.

IT IS FURTHER ORDERED that the Judgment Creditors' Motion for an Order Holding Rex Lewis in Contempt (#181) is DENIED with leave to refile pending a decision by the Ninth Circuit Court of Appeals.

IT IS FURTHER ORDERED that Lewis' Motion to Stay (#184) is DENIED.

IT IS SO ORDERED.

DATED this 10th day of September, 2015.

 

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE