**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

FEDERAL DEPOSIT INSURANCE CORPORATION, *et al.*,

        Plaintiffs,

vs.

REX H. LEWIS, *et al.*,

        Defendant.

Case No. 2:10–cv–439–JCM–VCF

**<u>ORDER</u>**

MOTION TO QUASH (#204)

        This matter involves a post-judgment execution proceeding against Rex H. Lewis. Before the court is Mr. Lewis' Motion Quash a Writ of Execution (#204). The judgment creditors filed an opposition (#207) and Mr. Lewis replied (#212). For the reasons stated below, Mr. Lewis' motion is denied.

### I. Background

        On Saturday, September 26, 2015, the Constable for the Laughlin Township served Mr. Lewis with an amended writ of execution of judgment, which notified Mr. Lewis that his property is subject to execution because a $60 million judgment has been entered against him. *See* (Pl.'s Mot. (#204) at Ex. 1). In accordance with Nevada Revised Statute § 21.076, the Constable mailed Mr. Lewis a copy of the amended writ of execution of judgment on Monday, September 28, 2015, which was "the next business day after the day the writ of execution was served." *See* (Def.'s Opp'n (#207) at Ex. A). Nonetheless, Mr. Lewis moves to quash the Constable's writ of execution, arguing that he failed to comply with the governing law and was deprived of due process.

### II. Relevant Law

        Federal Rule of Civil Procedure 69 governs the execution of judgment. It provides that "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on

execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." FED. R. CIV. P. 69(a).

In Nevada, writs of execution of judgments are governed by Nevada Revised Statute § 21.010, *et seq*. Section 21.075 prescribes the form, content, and services that is required for a writ of execution. Subsection 1 states:

> Execution on the writ of execution by levying on the property of the judgment debtor may occur only if the sheriff serves the judgment debtor with a notice of the writ of execution pursuant to NRS 21.076 and a copy of the writ. The notice must describe the types of property exempt from execution and explain the procedure for claiming those exemptions in the manner required in subsection 2. The clerk of the court shall attach the notice to the writ of execution at the time the writ is issued.

NEV. REV. STAT. § 21.075(1). Subsection 2 provides an exemplar of a writ of execution that complies with subsection 1, stating that "[t]he notice required pursuant to subsection 1 must be substantially in the following form . . . ." NEV. REV. STAT. § 21.075(2). In turn, section 21.076 governs the manner and time of service of a writ of execution of judgment. In pertinent part, it states that "[t]he service must be mailed by the next business day after the day the writ of execution was served." NEV. REV. STAT. § 21.076.

### III. Discussion

Mr. Lewis moves to quash the judgment creditors' writ of execution on two grounds. He argues that the writ failed to provide sufficient notice because it did not set forth the "specific" property that is subject to execution, as allegedly required by section 21.075. He also asserts that the Constable failed to comply with section 21.076 because he did not mail a copy of the writ "the next business day." Mr. Lewis infers that these alleged deficiencies deprived him of due process.

These arguments are factually and legally meritless. Section 21.075 does not require a judgment creditor to identify the "specific" property that is subject to execution. *See generally* NEV. REV. STAT. § 21.075. It merely requires the judgment creditor to notify the judgment debtor of the property that is exempt from execution. *See id*. If exempt property is being levied on, then section 21.075 requires the judgment debtor—not the judgment creditor—to "identif[y] the specific property that is being levied on" that is allegedly exempt from execution. *Id*.

Mr. Lewis' second argument—(*viz.*, that the Constable failed to mail a copy of the writ "the next business day")—is equally frivolous. On Saturday, September 26, 2015, the Constable served Mr. Lewis with an amended writ of execution of judgment, which notified Mr. Lewis that his property is subject to execution. *See* (Pl.'s Mot. (#204) at Ex. 1). On Monday, September 28, 2015, the Constable mailed Mr. Lewis a copy of the amended writ of execution of judgment. *See* (Def.'s Opp'n (#207) at Ex. A).

The court is sensitive to the stress that litigation may cause. The court also appreciates counsel's duty and desire to zealously represent his client. However, the court must remind counsel and Mr. Lewis of their ethical obligations to the court and opposing counsel. The Ninth Circuit has held that a district court may impose monetary sanctions under 28 U.S.C. § 1927 if counsel raises a single frivolous argument. *See In re Girardi*, 611 F.3d 1027, 1061 (9th Cir. 2010) (citing *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002).

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Mr. Lewis' Motion Quash a Writ of Execution (#204) is DENIED.

IT IS SO ORDERED.

DATED this 13th day of November, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE