# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

***

FDIC as Receiver for AMTRUST BANK, f/k/a Ohio Savings Bank, IOTA VIOLET, LLC, an Arizona limited liability company, et. al.,

    Plaintiffs,

vs.

REX H. LEWIS, an individual, et. al.,

    Defendants.

Case No. 2:10–cv–439–JCM–VCF

**ORDER**

MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF RESTRAINING WRONGFUL FORECLOSURE (DOC. #216)

    This matter involves the IOTA entities' (collectively "the Plaintiffs") deficiency judgment action against Rex H. Lewis for defaults on five commercial loans guaranteed by Lewis. (Doc. #1). Before the court, is nonparty Five Springs LLC's Motion to Intervene for the Limited Purpose of Restraining Wrongful Foreclosure (Doc. #216), Plaintiffs' response (Doc. #221), Lewis' joinder (Doc. #222), and Plaintiffs' Supplement to Response to Motion to Intervene (Doc. #223). For the reasons stated below, nonparty Five Springs LLC's motion to intervene is denied.

## I. BACKGROUND

    On April 28, 2014, Plaintiffs obtained a judgement in excess of fifty million dollars against Lewis. (Doc. #59). The Plaintiffs then engaged in post-judgment discovery.

    Plaintiffs obtained a writ of execution against Lewis' residence located at: 34 Quail Hollow Drive, Henderson, Nevada 89104 (the "Henderson property"). (Doc. #174). Lewis' residence was sold at public auction on December 10, 2015 at 10:00am. (Doc. #220). On December 10, 2015, the same day Lewis' residence was sold, nonparty Five Springs LLC moved to intervene to restrain the foreclosure sale of the Henderson property. Five Springs LLC argued, among other issues, that it was entitled to

intervention as a matter of right because it was the legal title holder of the Henderson property, it was not a party to the underlying deficiency action against Lewis, and it was not served with process in a related fraudulent transfer action filed in state court. (Doc. #216). Lewis' joinder reiterates Five Springs LLC's arguments about the wrongfulness of the foreclosure sale. (Doc. #222). The Plaintiffs' supplement provides a letter that demonstrates that Five Springs LLC was aware that the Henderson property was subject to execution on April 3, 2015. (Doc. #223).

## II. LEGAL STANDARD

"On timely motion, the court must permit anyone to intervene who: … (2) claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent the interest.' FED. R. CIV. P. 24(a)(2).

The court considers "three criteria in determining whether a motion to intervene is timely: (1) the stage of the proceedings; (2) whether the parties would be prejudiced; and (3) the reason for any delay in moving to intervene." *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996). "[P]ostjudgment intervention is generally disfavored because it creates 'delay and prejudice to existing parties.'" *Calvert v. Huckins*, 109 F.3d 636, 638 (9th Cir. 1997).

"The prospective intervenor bears the burden of demonstrating that the existing parties do not adequately represent its interests." *Glickman,* 82 F.2d at 838. "Where an applicant for intervention and an existing party 'have the same ultimate objective, a presumption of adequacy of representation arises.'" *Id*.

"A federal court 'does not have jurisdiction to give opinions upon moot questions.'" *Tate v. Univ. Med. Ctr. Of S. Nevada*, 606 F.3d 631, 634 (9th Cir. 2010 (citing *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997)). "A claim 'is moot when the issues presented are

2

no longer live or the parties lack a legally cognizable interest in the outcome. The basic question is whether there exists a present controversy as to which effective relief can be granted.'" *Id*. (citing *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007).

### III. DISCUSSION

The parties present one question: whether nonparty Five Springs LLC may intervene as a matter of right[1] for the limited purpose of restraining an allegedly wrongful foreclosure.

**1.    Five Springs LLC May Not Intervene as a Matter of Right**

Five Springs LLC contends, without citing to authority, that its motion to intervene is timely and that neither Lewis nor any other defendant adequately represents its interests. (Doc. #216 at 8). The Plaintiffs argue that Five Springs LLC's motion to intervene is untimely, as it was brought on the same day as the Henderson property's foreclosure sale, and the Lewis adequately represents Five Springs LLC's interests. The court agrees with the Plaintiffs, Five Springs LLC's motion to intervene is untimely and its interests are adequately represented by Lewis.

*a.    Five Springs LLC's Motion to Intervene is Untimely*

Five Springs LLC's motion to intervene is untimely because it fails to satisfy any of the three criteria for timeliness. Five Springs LLC does not dispute that it waited until post judgment, a time disfavored for intervention, to move to intervene. *Id*. at 5.  Five Springs LLC alleges that it is prejudiced by the writ of execution, but Five Springs LLC fails to address why Plaintiffs would not be prejudiced by Five Springs LLC's intervention on the day of the foreclosure sale. *Id*. Five Springs LLC also offers no explanation why it waited until a writ of execution was recorded to intervene when it had been aware

---

[1] The parties do not raise the issue of whether Five Springs LLC should be allowed to permissively intervene under Federal Rule of Civil Procedure 24(b). (Doc. #216 at 7-8); (Doc. #221 at 6). As the parties did not brief the issue of permissive intervention, the court does not address it.

of the underlying deficiency action against Lewis since April 3, 2015. (Doc. #223). For these reasons, the court finds Five Springs LLC's motion to intervene untimely.

### b.   *Five Spring LLC's Interests Are Adequately Represented by Lewis*

If even Five Springs LLC had timely moved to intervene, its interests are adequately represented by Lewis. Five Springs LLC fails to argue why Lewis cannot adequately represent its interests. Five Springs LLC, as the legal title holder, and Lewis, who lived in the Henderson property as his residence, had the same objective: prevent the foreclosure sale of the home.  The LLC offered no reason and cited to no authority to demonstrate why Lewis could not adequately represent its interest. The court thus finds Lewis adequately represented Five Springs LLC's interests for the purpose of restraining the Henderson property's foreclosure sale.

## 2. **Five Springs LLC's Claim that the Foreclosure of the Henderson Property is Wrongful is Moot**

Five Springs LLC moved to intervene to restrain an allegedly wrongful foreclosure sale of the Henderson property on December 10, 2015. That same morning, at 10:00a.m., the Henderson property was sold at public auction in satisfaction of the Plaintiffs writ of execution. (Doc. #220). As there is no pending foreclosure sale to restrain, Five Springs LLC's motion is moot.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Five Springs LLC's Motion to Intervene for the Limited Purpose of Retraining Wrongful Foreclosure is DENIED.

IT IS SO ORDERED.

DATED this 28th day of December, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE