# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

FDIC as Receiver for AMTRUST BANK, f/k/a Ohio Savings Bank, a federal savings bank; et. al.,

Plaintiffs,

vs.

REX H. LEWIS, an individual; et. al.,

Defendants.

Case No. 2:10–cv–439–JCM–VCF

**ORDER**

MOTION TO CONSOLIDATE (DOC. #215).

      This matter involves the Iota Entities' deficiency action against Defendant Rex H. Lewis and Five Springs LLC's civil action against the Iota Entities. Before the court is the Iota Entities' Motion to Consolidate (Doc. #215). For the reasons stated below, the Iota Entities' motion to consolidate is denied.

## I. BACKGROUND

      The parties are involved in two related actions: (1) the Iota Entities' Deficiency Action against Lewis (2:10-cv-439) and (2) Five Springs LLC's Wrongful Foreclosure Action against the Iota Entities (2:15-cv-2280). The Iota Entities obtained a writ of execution against Lewis' home (the "Henderson property") and the Henderson property was sold at a foreclosure auction. (Doc. #220). Prior to the foreclosure sale, Five Springs LLC moved to intervene in the Deficiency Action for the limited purpose of enjoining the sale of the Henderson property. (Doc. #216). Five Springs LLC also filed a state court action against the Iota Entities seeking declaratory, injunctive, and monetary relief for wrongful foreclosure. (Doc. #214). The Iota Entities removed the Wrongful Foreclosure Action to federal court and now move to consolidate both actions.

1

## II. LEGAL STANDARD

"If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issues in the actions; (2) consolidate the actions; (3) issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a)(1)-(3). "The district court, in exercising its broad discretion to order consolidation of actions presenting a common issue of law or fact under Rule 42(a), weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984). Consolidation may be denied if the actions are at different stages of litigation. *Firefighters, Local 1908 v. County of Clark*, No. 2:12-cv-615-MMD-VCF, 2012 WL 1986590 at* 3 (D. Nev. June 1, 2012).

## III. DISCUSSION

The Iota Entities present one question: whether the Deficiency Action should be consolidated with the Wrongful Foreclosure Action. The Iota Entities' motion to consolidate is denied.

The Iota Entities contend that the Deficiency Action and the Wrongful Foreclosure Action share the same parties and a common question of fact regarding whether the Iota Entities can foreclose on the Henderson property. Consolidation, however, is inappropriate because the actions are at different stages of litigation and because of the different natures of each action. Any time or recourses saved by consolidation is outweighed by the inconvenience and confusion that will result if the Deficiency Action and Wrongful Foreclosure Action are consolidated based on a narrow common question of fact regarding the Henderson property.

The Deficiency Action is in post-judgment discovery and is in the process of being appealed. (Doc. # 182). The Iota Entities have a judgment against Lewis. One aspect of these proceedings involves determining which of Lewis' assets may be reached to satisfy the judgment. The question of

whether the Henderson property could be sold to satisfy the Iota Entities' judgment against Lewis is not a central issue in the Deficiency Action. The Iota Entities seek to collect tens of millions of dollars from Lewis and the foreclosure sale of the Henderson property may be the first of many similar proceedings.

The Wrongful Foreclosure Action, in contrast, is in the early stages of litigation. The action was removed from state court in December 2015 (15-cv-2280; Doc. #1) and there is a pending motion to remand. (15-cv-2280; Doc. #13). The issue of whether the Iota Entities could foreclosure on the Henderson property is the central issue in the Wrongful Foreclosure Action. Five Springs LLC seeks money damages for the Iota Entities' allegedly tortious, wrongful foreclosure of the Henderson property.[1]

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that the Iota Entities' Motion to Consolidate (Doc. #215) is DENIED.

IT IS SO ORDERED.

DATED this 15th day of January, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

---

[1] Five Springs LLC's claims for declaratory and injunctive relief were mooted after the sale of the Henderson property. Similarly Five Springs LLC's motion to intervene in the Deficiency Action was denied as untimely and moot. (Doc. #226).

3