UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FDIC as Receiver for AMTRUST BANK, f/k/a Ohio Savings Bank, a federal savings bank, et al., | Case No. 2:10-CV-439 JCM (VCF) |
| | ORDER |
| Plaintiff(s), | |
| v. | |
| REX H. LEWIS, et al., | |
| Defendant(s). | |

Presently before the court is plaintiffs' IOTA Violet, LLC; IOTA Coral, LLC; IOTA Cinnamon, LLC; OTA Red, LLC; and IOTA ROYAL, LLC ("judgment creditors") motion for a mandatory injunction requiring defendants to repatriate assets. (Doc. #117). Defendants Rex H. Lewis et al. ("judgment debtor") filed a response (doc. #192), and plaintiffs filed a reply. (Doc. #202).

**I.     Background**

The facts of the instant case are familiar to the courts and the parties. This dispute arose out of five commercial loan agreements guaranteed by judgment debtor. Each loan was secured by one or more deeds of trust on the relevant properties. After Nevada's real estate market crashed in 2008, the borrowers on the loans defaulted and the banks foreclosed on the properties. Substantial debts remained after the foreclosure sales. (Doc. #174).

Judgment creditors filed a deficiency judgment action against judgment debtor as guarantor of the loans. (Doc. #1). Judgment creditors moved for summary judgment, and judgment debtor did not oppose the motions. The court granted summary judgment and entered judgment against

**James C. Mahan**
**U.S. District Judge**

judgment debtor and his various companies, jointly and severally, for $66,089,661.52. (Docs. #41, 59).

Judgment creditors are currently in the process of conducting postjudgment discovery in an attempt to recover on the court's judgment. While judgment debtor's net worth previously exceeded $100 million, he now claims that he has no assets. (Doc. #146). The judgment creditors contend that judgment debtor conveyed millions of dollars in property to his children, transferred money to offshore trusts, and laundered funds through various corporations. Judgment debtor refused to discuss them if they occurred before September 5, 2010—a date he arbitrarily selected. (*Id.*).

Consequently, the court imposed sanctions and threatened to hold judgment debtor in contempt after he disregarded court orders and repeatedly attempted to frustrate the judgment creditors' reasonable and proper efforts to obtain information about his assets. (*Id.*, Doc. #174).

Judgment creditors now have information concerning a number of off-shore trusts that can be traced to judgment debtor. The details of the various trusts are outlined in a memorandum from Ron Jenkins, judgment debtor's asset protection attorney. (Doc. #117, Exh. 6). On September 25, 2008, Judgment debtor settled an asset protection trust in St. Vincent and the Grenadines ("SVG"). This trust contains an under the duress clause, wherein trustees are directed "to ignore any advice or any directive order or like decree . . . of any government, court, administrative body or any tribunal whatsoever . . . ." (Doc. #177, Exh. 7). It also contains a spendthrift provision to protect the trust assets from creditors of the settlors and beneficiaries. (*Id.*)

In turn, the SVG trust owns a limited liability company in the Isle of Man, Woman LLC. Woman LLC appears to manage judgment debtor's portfolio and other liquid assets. (Doc. #117, Exh. 6). Judgment creditors obtained an order from the High Court of Justice from the Isle of Man freezing and requiring disclosure of all of Woman LLC's assets. (Doc. #117, Exh. 21).

Manx LLC owns a combination of investments and membership interests in U.S. limited liability companies. The U.S. limited liability companies own further assets including real estate in Nevada and Utah. (Doc. #177). Judgment debtor's offshore entities have begun to repatriate

**James C. Mahan**
**U.S. District Judge**

- 2 -

assets into Six Kids Trust. Six Kids Trust was settled December 2, 2011, and the beneficiaries are judgment debtor's six children. (Doc. #177, Exh. 22).

## II.   Legal Standard

"[A]n injunction is an equitable remedy . . . [that] should issue only where the intervention of a court of equity 'is essential in order effectually to protect property rights against injuries otherwise irremediable.'" *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311-12 (1982) (quoting *Cavanaugh v. Looney*, 248 U.S. 453, 456, 39 S. Ct. 142, 63 L. Ed. 354 (1919)). Injunctions are "granted sparingly and under strict rules for protection of all parties." (*Id.*) A plaintiff who seeks a permanent injunction must show (1) it has suffered irreparable injury; (2) remedies at law are inadequate to compensate it for that injury; (3) a remedy in equity is warranted in light of balancing the hardships between the plaintiff and defendant; and (4) the public interest would not be disserved by a permanent injunction. *See id.*; *see also eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 390 (2006).

## III.   Discussion

After considering the factors necessary to obtain an injunction, the court finds that such a dramatic remedy is premature. Judgment creditors have not shown that they suffered an injury irreparable by the range of available remedies at law. *See Aronoff v. Katleman*, 75 Nev. 424 (1959).

At the outset, it is worth noting that it is unclear whether judgment creditors are asking for a preliminary or permanent injunction. While their motion applies the standard for a preliminary injunction, because they are requesting an injunction post-judgment, a permanent injunction is appropriate. (Docs. #177, 202).

Judgment creditors cite to *F.T.C. v. Affordable Media*, which, at the early stages of litigation, upheld both the district court's preliminary injunction to repatriate assets as well as its civil contempt order when the defendants failed to adhere to that injunction. 179 F.3d 1228 (9th Cir. 1999). However, because the FTC was the plaintiff in *Affordable Media*, the injunction standard was far more lenient.

Section 13(b) of the Federal Trade Commissions Act "places a lighter burden on the Commission than that imposed on private litigants by the traditional equity standard; the

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  Commission need not show irreparable harm to obtain a preliminary injunction." *FTC v. Warner Communications, Inc.,* 742 F.2d 1156, 1159 (9th Cir.1984). Under this more lenient standard, "a court must 1) determine the likelihood that the Commission will ultimately succeed on the merits and 2) balance the equities." *Id.* at 1160. While *Affordable Media* provides guidance, it far from mandates the injunction requested here.

Perhaps more telling is the other case to which judgment creditors cite favorably. The court in *United States v. Grant* entered a permanent injunction against defendant for failing to repatriate her assets held in two offshore trusts. Case No. 00-08986-CIV, 2013 WL 1729380 at *10 (S.D. Fl. Apr. 22, 2013). However, the court did so ten years after the judgment had been entered and after the parties had exhausted all other legal recourse. Before the court resorted to the issuance of a permanent injunction, the judgment debtor in *Grant* had ignored a repatriation order, a show cause order, and been held in civil contempt. *Id.* at *13.

Judgment creditors have several avenues of legal recourse available before this court will consider resorting to a permanent injunction. For example, Magistrate Judge Ferenbach denied judgment creditors' motion to appoint a receiver and motion to hold judgment debtor in contempt only "because Lewis' appeal contests the basis on which the judgment creditors' pending motions seek relief."[1] (Doc. #199) *See Nat. Resources Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) ("Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed."). However, he dismissed the motion without prejudice with the explicit option to renew the motions following a decision by the Ninth Circuit.

Based upon a consideration of all four of the factors set forth in *Ebay*, this court denies judgment creditors' motion for an injunction.

. . .

---

[1] Defendant Judgment debtor is appealing this court's order (doc. #174) that the report and recommendation of Magistrate Judge Ferenbach, (doc. # 146), be adopted in their entirety; that judgment debtor's motion for relief from judgment, (doc. # 125), be denied; that judgment debtor's motion to withdraw funds from his IRA, (doc. # 89), be denied; that judgment creditors' motion to declare judgment debtor's residence subject to execution, (doc. # 108), be granted; that judgment debtor is sanctioned under Federal Rule of Civil Procedure 37(b)(2)(A)(i)-(ii) and prohibited from attempting to demonstrate that his homestead or dwelling is exempt from execution under Nevada law;  that judgment creditors' motion to strike, (doc. # 167), be, and the same hereby is, granted; and that judgment debtor's reply, (doc. # 164), be stricken from the record.

**James C. Mahan**
**U.S. District Judge**

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that judgment creditors' motion for a mandatory injunction, (doc. # 177), be, and the same hereby is, DENIED.

DATED February 10, 2016.

                                            _____
                                            UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**