UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FDIC as Receiver for AMTRUST BANK, f/k/a Ohio Savings Bank, a federal savings bank, et al.,<br><br>Plaintiff(s),<br><br>v.<br><br>REX H. LEWIS, et al.,<br><br>Defendant(s). | Case No. 2:10-CV-439 JCM (VCF)<br><br>ORDER |

Presently before the court is a motion for contempt filed by plaintiffs Iota Cinnamon, LLC, Iota Coral, LLC, Iota Red, LLC, Iota Royal, LLC, and Iota Violet, LLC (collectively, as "judgment creditors"). (ECF No. 249). Defendant Rex Lewis ("judgment debtor" or "Lewis") filed a response (ECF No. 252), to which judgment creditors replied (ECF No. 254).

Also before the court is judgment creditors' motion to modify injunction. (ECF No. 250). Judgment debtor filed a response (ECF No. 253), to which judgment creditors replied (ECF No. 255).

**I.  Facts**

The facts of the instant case are familiar to the court and the parties. This dispute arose out of five commercial loan agreements guaranteed by judgment debtor. Each loan was secured by one or more deeds of trust on the relevant properties. After Nevada's real estate market crashed in 2008, the borrowers defaulted on the loans and the banks foreclosed on the properties. Substantial debts remained after the foreclosure sales. (ECF No. 174).

Judgment creditors filed a deficiency judgment action against judgment debtor as guarantor of the loans. (ECF No. 1). Judgment creditors moved for summary judgment, and judgment debtor

did not oppose the motion. The court granted summary judgment and entered judgment against judgment debtor and his various companies, jointly and severally, for $66,089,661.52. (ECF Nos. 41, 59).

On July 3, 2014, the court entered an order enjoining judgment debtor from transferring assets he currently owns which are worth $5,000.00 or more. (ECF No. 65).

On August 27, 2015, Lewis filed a notice of appeal. (ECF No. 182). On May 30, 2017, the Ninth Circuit affirmed the court's order enjoining judgment debtor from transferring assets he currently owns which are worth $5,000.00 or more (ECF No. 65). (ECF Nos. 256, 258).

In the instant motions, judgment creditors renew their previous motions for contempt and to modify the injunction.[1] (ECF Nos. 249, 250).

**II.　Legal Standards**

*A.　Contempt*

It is well established that "courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States,* 384 U.S. 364, 370 (1966). Additionally, "[a] court has wide latitude in determining whether there has been contemptuous defiance of its order." *Gifford v. Heckler*, 741 F.2d 263, 265 (9th Cir. 1984) (citing *Neebars, Inc. v. Long Bar Grinding, Inc.*, 438 F.2d 47, 48 (9th Cir. 1971)).

"Civil contempt . . . consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). However, "a person should not be held in contempt if his action[s] appear[] to be based on a good faith and reasonable interpretation of the court's order." *Id.* (quoting *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir. 1982)). Further, "[s]ubstantial compliance with the court order is a defense to civil contempt, and is not vitiated by a few technical violations where every reasonable effort has been made to comply." *In re Dual-Deck*, 10 F.3d at 695.

. . .

---

[1] Both motions were refiled before the Ninth Circuit decision disregarding the court's previous orders stating when to refile the motions.

B. *Modify Injunction*

A district court has "wide discretion" when deciding whether to modify an injunction based on changes in factual or legal circumstances. *System Federation No. 91 v. Wright*, 364 U.S. 642, 647 (1961); *see also A&M Records, Inc. v. Napster, Inc.*, 284 F.3d 1091, 1098 (9th Cir. 2002). When deciding whether to modify an injunction, the court must strike a balance "between the policies of res judicata and the right of the court to apply modified measures to changed circumstances." *Wright*, 364 U.S. at 648.

**III. Discussion**

A. *Contempt*

In the immediate motion, judgment creditors argue that defendant Lewis is in contempt because he has transferred funds in excess of $5,000.00 violating the court's order. (ECF No. 249 at 5–10). In particular, judgment creditors allege that defendant Lewis owns and controls a Wells Fargo checking account ending in 0404 ("0404 account") and has been transferring funds in excess of $5,000.00 from the 0404 account. (ECF No. 249 at 5–8).

In response, judgment debtor contends that he has fully complied with the court's order and has not transferred any funds exceeding $5,000.00. (ECF No. 252 at 4–9). In particular, judgment debtor asserts that he does not own nor does he have control over the 0404 account; the 0404 account is his wife's, Catherine Lewis' ("Mrs. Lewis"), account. (ECF No. 252 at 5–7).

To succeed on a motion for contempt, the moving party "must demonstrate that the alleged contemnor violated the court's order by clear and convincing evidence, not merely a preponderance of the evidence." *In re Dual-Deck*, 10 F.3d at 695 (citing *Vertex Distrib., Inc.*, 689 F.2d at 889).

Here, judgment creditors fails to demonstrate that judgment debtor has violated the court's order (ECF No. 65) by clear and convincing evidence.

The transfers from the 0404 account do not appear to be made by judgment debtor. For example, judgment debtor's wife, Mrs. Lewis, made the transfer of $40,000.00 from the 0404 account on April 26, 2015, as demonstrated through her name and signature on the check. (ECF Nos. 249-5, 249-6). Additionally, the other two transfers judgment creditors refer to do not appear

James C. Mahan
U.S. District Judge

- 3 -

to have any connection to judgment debtor. (ECF No. 249 at 8, 9); (*see also* ECF Nos. 249-6, 249-8). Therefore, judgment creditors fail to demonstrate that judgment debtor, himself, has actually transferred any asset worth more than $5,000.00. (*See* ECF No. 65).

Further, the court is unconvinced that judgment debtor owns or has any control over the 0404 account. Judgment debtor's name rarely appears on any documents relating to the 0404 account. Based on the documents provided, Mrs. Lewis appears to own the 0404 account and control all transactions related to the 0404 account. (*See* ECF No. 249). Since Mrs. Lewis has never been a party to this case, nor is she enjoined by the court's order, judgment creditors fail to demonstrate that judgment debtor, himself, violated the court's order.

Accordingly, the court will deny judgment creditors' motion for contempt (ECF No. 249).

*B. Modify Injunction*

Additionally, judgment creditors argue that the court's order enjoining judgment debtor from transferring assets (ECF No. 65) should be expanded to include Mrs. Lewis, judgment debtor's wife. In particular, judgment creditors allege that Mrs. Lewis "knowingly assisted [judgment debtor] in attempting to by-pass" the court's order. (ECF No. 250 at 11).

In response, judgment debtor contends that judgment creditors fail to show changed circumstances because the accusations against Mrs. Lewis are false and Mrs. Lewis has never been a party to this case. (ECF No. 253 at 10, 13).

"[A] party seeking modification or dissolution of an injunction bears the burden of establishing that a significant change in facts or law warrants revision or dissolution of the injunction." *Sharp v. Weston*, 233 F.3d 1166, 1170 (9th Cir. 2000).

Here, judgment creditors fail to meet their burden. Judgment creditors attempt to establish a substantial change in facts by attacking Mrs. Lewis' character and making theoretical conclusions as to why Mrs. Lewis made certain transactions. (*See* ECF No. 250 at 10). However, the allegations do not convince the court to expand the order.

In addition, Mrs. Lewis has never been a party in the present case and there is no indication that Mrs. Lewis is responsible for the deficiency judgment. Moreover, judgment creditors did not

James C. Mahan
U.S. District Judge

adequately demonstrate that Mrs. Lewis is hindering judgment creditors from collecting on the judgment deficiency.

Therefore, the court will deny judgment creditors' motion to modify injunction (ECF No. 250).

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that judgment creditors' motion for contempt (ECF No. 249) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that judgment creditors' motion to modify injunction (ECF No. 250) be, and the same hereby is, DENIED.

DATED July 6, 2017.

_____
UNITED STATES DISTRICT JUDGE