**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

FDIC as Receiver for AMTRUST BANK, f/k/a Ohio Savings Bank, a federal savings bank, *et al.*,

Plaintiffs,

vs.

REX H. LEWIS, an individual, *et al.*,

Defendants.

Case No. 2:10–cv–00439–JCM–VCF

**REPORT AND RECOMMENDATION**

JUDGMENT CREDITORS' RENEWED MOTION TO APPOINT RECEIVER IN AID OF EXECUTION (ECF NO. 265)

Before the Court is Iota Violet, LLC; Iota Coral, LLC; Iota Cinnamon, LLC; Iota Red, LLC; and Iota Royal, LLC's (the "Judgment Creditors") motion to appoint a receiver in aid of executing the judgment (ECF No. 59) against Judgment Debtors Rex H. Lewis; Alpha Vista, LLC; Omega Vista, LLC; HH INV, LLC; Bartlett Sunrise, LLC; Cottongin, LLC; Midway Cornman, LLC; Regena Teepee, LLC; Mesa Verde, LLC; Pebble Cimmaron, LLC; and Corrales Peters, LLC. (ECF No. 265). For the reasons stated below, the Judgement Creditors' motion should be granted in part.

## I. BACKGROUND

The Judgment Debtors are individuals or entities that either borrowed money from AmTrust Bank or guaranteed repayment. (ECF No. 35 at 5-16). The Court has entered judgment in favor of the Judgment Creditors in this action for over $59 million. (ECF No. 59).

The Judgment Creditors' argue there are significant questions "with respect to that cash and assets once held by those Judgment Debtors" because "[d]espite the nearly $84 million [they] received, as of today each Borrower and Entity Guarantor appears to be a defunct company." (ECF No. 265 at 4-5). The Judgment Creditors move that a "receiver be appointed over all the Judgment Debtors' assets; that the receiver be empowered to investigate the Judgment Debtors' alienation of their assets…; [and] that the

1

receiver be empowered to investigate those entities through which Lewis continues to hold and control assets." (*Id.* at 5). In a proposed order granting this motion, the Judgment Creditors identify several "Lewis Entities" (third parties to this action that are allegedly related to Rex Lewis), lists records and bank accounts held by the Lewis Entities as part of the "Receivership Property," and directs the Lewis Entities to take certain actions such as refrain from transferring property and provide financial information to the receiver. (ECF No. 266-1 at 4-6, 11-13). At an evidentiary hearing held on October 16, 2017, the Judgment Creditors clarified that their intent was to appoint a receiver over the Judgment Debtor entities other than the individual Rex Lewis with the authority to investigate other third-party entities.

In response, Lewis argues the motion seeks "a receivership over not only Judge Debtors' assets, but over entities and assets owned by third-parties who are not before this Court." (ECF No. 271 at 1). Lewis also asserts the Judgment Creditors already have "adequate legal remedies" against the third parties, including legal actions in Nevada State Court and the Isle of Man. (*Id.* at 21).

## II. ANALYSIS

"The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed R. Civ. P. 69. Under NRS 32.010(3), a receiver may be appointed in an action "[a]fter judgment, to carry the judgment into effect." "[T]he practice in administering an estate by a receiver or a similar court-appointed officer must accord with the historical practice in federal courts or with a local rule." Fed. R. Civ. P. 66. In determining whether to appoint a receiver, federal courts consider factors such as whether the party seeking receivership has a valid claim, whether there is imminent danger of property being lost or squandered, "whether the harm to plaintiff by denial of the appointment would outweigh injury to the party opposing appointment," and whether the interests of the

party seeking receivership will be well-served by receivership. *Canada Life Assur. Co. v. LaPeter*, 563 F.3d 837, 844 (9th Cir. 2009).

In this case, the Judgment Creditors have demonstrated a need for a receiver to be appointed over the Judgment Debtor entities. The Judgment Creditors have already obtained a judgment against the Judgment Debtors. The Judgment Debtor entities appear to be defunct, but questions remain regarding their current status and any traceable assets. Appointing a receiver will protect any property currently held by the Judgment Debtor entities and assist the Judgment Creditors in executing their judgment. In addition, Lewis acknowledged at the October 16, 2017 hearing that he would not be prejudiced by the appointment of a receiver, and it is unlikely that the Judgment Debtor entities would be prejudiced as they do not appear to be currently in operation.

However, the Court should not authorize the receiver to take actions against the Lewis entities or their property at this time. The Judgment Creditors do not have a judgment against these entities in this case. The Lewis entities are not parties to this case and they would be prejudiced by a Court order impacting their rights and properties. There are other pending court actions involving the Lewis entities and additional proceedings could be commenced by the Judgment Creditors or the receiver.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY RECOMMENDED that the Judgment Creditors' Renewed Motion to Appoint Receiver in Aid of Execution (ECF No. 265) be GRANTED IN PART. A proposed order is attached.

IT IS SO RECOMMEDNED.

DATED this 24th day of October, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE