**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\*\*\***

FDIC as Receiver for AMTRUST BANK, f/k/a Ohio Savings Bank, a federal savings bank, *et al.*,

Plaintiffs,

vs.

REX H. LEWIS, an individual, *et al.*,

Defendants.

Case No. 2:10–cv–00439–JCM–VCF

**ORDER APPOINTING RECEIVER**

The Court, having reviewed the Renewed Motion to Appoint Receiver in Aid of Execution (ECF No. 265) filed by Iota Violet, LLC; Iota Coral, LLC; Iota Cinnamon, LLC; Iota Red, LLC; and Iota Royal, LLC (collectively, the "Iota Entities" or "Judgment Creditors"), orders as follows:

1.  The Motion is granted in part.

2.  Pursuant to the Court's Amended Judgment (ECF No. 59):

    a.  Defendants HH INV, LLC, Bartlett Sunrise, LLC, Cottongin, LLC, Midway Cornman, LLC, Regena Teepee, LLC, Rex H. Lewis, and Omega Vista, LLC, are jointly and severally liable to Iota Violet, LLC and Iota Royal, LLC in the principal amount of $55,176,574.16;

    b.  Defendants Mesa Verde, Inc., Rex H. Lewis, and Alpha Vista, LLC are jointly and severally liable to IOTA Red, LLC in the principal amount of $2,614,529.63.

    c.  Defendants Pebble Cimmaron, LLC, Rex. H. Lewis, and Omega Vista, LLC are jointly and severally liable to Iota Cinnamon, LLC in the principal amount of $1,028,865.41; and

1

d.  Defendants Corrales Peters, LLC, Rex H. Lewis, and Omega Vista, LLC are jointly and severally liable to Iota Coral, LLC in the principal amount of $255,657.47 (collectively, the "Judgment Indebtedness").

3.  Pursuant to the Court's Amended Judgment (ECF No. 59), post-judgment interest accrues on each principal judgment amount listed above in paragraphs 2(a)-(d) at the applicable rates provided by 29 U.S.C. § 1961. Any authorized representative of the Iota Entities, or its counsel (Ballard Spahr LLP), is authorized to provide the Receiver with updated amounts to compound into the principal amounts in the Amended Judgment, such as, and without limitation, post-judgment interest, fees, and collection costs.

4.  It is hereby ordered that James H. Donell (the "Receiver") is appointed as receiver over the real, personal, and intangible property assets (collectively, the "Receivership Property") of those entities identified as judgment debtors on the Amended Judgment in order to aid in execution upon, and collecting upon, the Judgment, including as follows:

- Corrales Peters, LLC

- Alpha Vista, LLC

- Omega Vista, LLC

- Pebble Cimmaron, LLC

- Mesa Verde, LLC

- HH INV, LLC

- Bartlett Sunrise, LLC

- Cottongin, LLC

- Midway Cornman, LLC

- Regena Teepee, LLC

2

5.  Until further Order of this Court, the Receiver shall have full and exclusive power and authority over the Receivership Property, and shall have authority to identify and seize by lawful means any and all Receivership Property, however and wherever held. Accordingly, all persons and entities who receive notice of this Order, by service, mail, or otherwise, are immediately required to, without objection, make available and turn over all such Receivership Property to the Receiver, including without limitation:

   a.  Any books and records of or concerning the Judgment Debtors wherever they may be found (including, for purposes of this Order, any computers or other equipment containing such books and records);

   b.  Any bank accounts, investment or brokerage accounts, or other financial accounts held by the Judgment Debtors (collectively, the "Accounts"), and any rents derived therefrom. The Receiver is vested with the specific power to be added as the sole signatory on all Accounts, to close such Accounts and/or to continue to operate the Accounts, and to use the tax ID number of the relevant Judgment Debtor to control, possess, operate, trade, transfer or otherwise use the funds or proceeds in such Accounts. Any bank or other financial institution served with this Order shall cooperate with the Receiver and shall not require an original certified copy of this Order, but shall, after verifying the identification of the Receiver, accept this Order in PDF or copy form; and

   c.  Any other personal property, real property, or intellectual property of any Judgment Debtor.

3

6. Before commencing any action authorized pursuant to this Order, and as required by LR 66-9, the Receiver shall post an undertaking with this Court from an admitted surety insurer in the amount of $50,000 conditioned upon the faithful performance of the Receiver's duties.

7. The Receiver shall be authorized to divert mail and other deliveries of any Receivership Property, and to assume exclusive authority and control over mail and post office boxes, computer servers, and any other means of communication constituting Receivership Property.

8. The Receiver is authorized to inventory, market, and prepare for sale all Receivership Property which comes into his possession.

9. In connection with the sale or liquidation of any Receivership Property which the Receiver deems, in his reasonable business judgment, to be appropriate, the Receiver is relieved of the obligations of 28 U.S.C. § 2001 et. seq. Nonetheless, in accordance with LR 66-5, all proposed sales of Receivership Property must be approved by this Court after a properly noticed motion and a hearing.

10. Upon the request of the Receiver, any licensed locksmith presented with a copy of this Order, after verifying the identification of the Receiver, shall be entitled to lawfully change the locks of any real property or assets of the Judgment Debtors.

11. The Receiver is authorized to, and shall, present for payment any checks, money orders, negotiable instruments, or commercial paper payable to the Judgment Debtors. The Receiver is authorized to, and shall, endorse the same and collect the proceeds, including, but not limited to, the proceeds from any escrow accounts containing funds to be disbursed upon the occurrence of a particular event.

12. Pursuant to LR 66-8, the Receiver is authorized to, and shall, deposit all proceeds collected and taken under the Receiver's exclusive possession and control, into federally insured bank

4

accounts ("Receiver Trust Accounts") to be thereafter used and maintained by the Receiver in accordance with the Receiver's duties and powers as set forth herein, and the Receiver may designate, in his discretion, additional signatories on such Receiver Trust Accounts. Notwithstanding the foregoing, the Receiver may continue to utilize any and all existing Accounts of the Judgment Debtors and shall be entitled to take over any existing Account service agreements and shall be empowered to modify and change any and all payees in connection therewith in order to direct such funds into the Receiver Trust Account.

13. In addition to the other powers of the Receiver provided in this Order, and consistent with those other powers, the Receiver is hereby vested and charged with the following powers and duties of a receiver:

   a. To take control of the Receivership Property for the purpose of managing, maintaining, preventing waste of, and selling it;

   b. Except as otherwise provided in this Order, to procure insurance in sufficient amounts to avoid any liability or loss from accident, fire, or other casualty to the Receivership Property during the pendency of the receivership established by this Order;

   c. To collect and receive all earnings, revenues, rents, issues, profits, income, and cash collateral derived from the Receivership Property, and to open one or more Receiver Trust Accounts for the purpose of carrying out the receivership;

   d. To make all necessary or proper repairs, renewals, replacements, alterations, additions, betterments, and improvements to and on the Receivership Property if in the best interest of the receivership estate and upon consultation and approval by the Judgment Creditors;

e.  To take all actions he deems, in his reasonable business judgment, necessary and appropriate and/or take remedial action necessary to ready the Receivership Property for sale and otherwise to market and sell the Receivership Property and distribute any proceeds of the sale after payment of expenses of the sale and the costs associated with the receivership, to the IOTA Entities or their counsel in the amount of the Judgment Indebtedness in the order of priority set forth in this Order;

f.  In accordance with the requirements of LR 66-6, to engage and compensate, attorneys, accountants, and investigators;

g.  Without further order of the Court, to retain or otherwise employ any agents, contractors, employees, servants, real estate agents, brokers, computer forensics and/or other professionals as the Receiver may deem necessary or appropriate, in his reasonable business judgment to administer the receivership estate ("Estate") created by this Order, to dispose of or collect any of the Receivership Property, or to otherwise perform any other powers and responsibilities described herein, and to pay said agents, contractors, employees, servants and professionals at ordinary and usual rates and prices, pursuant to appropriate contracts, out of funds that come into the Receiver's possession. The Receiver and his staff shall be paid their usual hourly billable rates and reimbursed for all related costs.

14.  Any and all monies, cash, funds, sale proceeds from the sale of the Receivership Property, and any portions thereof, and other receipts that come into the possession of the Receiver in connection with this receivership shall be applied to the following expenses and obligations in the following order of priority:

6

a. To pay the fees and expenses of the Receiver and any attorneys, accountants, investigators, and other professionals engaged in accordance with Paragraph 13, above;

b. The Receiver is authorized to make period disbursements to the Iota Entities, and such disbursements can be made at any time when it appears, in the exercise of the Receiver's sole discretion, that doing so is reasonable.

c. At the termination of the instant receivership or at any other such time as ordered by the Court, all excess sums, if any, shall be paid to the Iota Entities to the extent of the Judgment Indebtedness;

d. Excess sums, if any, after payments made pursuant to the preceding paragraphs shall be maintained by the Receiver, to be held until further Order of this Court.

e. Except as otherwise provided in the Order, nothing in this Order shall disturb the relative priority of any individual's or entity's security interests in or liens upon the Receivership Property.

15. The Receiver shall prepare and serve on all the parties monthly statements ("Notice of Intent to Pay Fees") reflecting the Receiver's fees and administrative expenses, including the fees and expenses of agents, accountants' attorneys, and other professionals, if any, engaged by the Receiver to assist in the administration of the Receivership Property, incurred for each monthly period in the operation and administration of the Estate. After waiting ten calendar days from the date of mailing or emailing the Notice of Intent to Pay Fees, and only if no written objections are received by the Receiver, the Receiver may thereafter disburse the fees and expenses from Estate funds. If objections are received by the Receiver and the issues in controversy are not resolved, the Receiver may petition for an order from the Court authorizing the payment of such fees and expenses. Pursuant to LR 66-5, any hearings must be set on at

7

least 14 days' notice unless otherwise ordered by the Court. Notwithstanding the Receiver's periodic payment of fees and expenses, all fees and expenses paid shall be submitted to the Court for final approval and confirmation at the time of the Receiver's Final Report and Account.

16. The Receiver is authorized to enter into any contracts as he reasonably believes are necessary for the maintenance and operation of the Receivership Property and for the purpose of administering the Estate.

17. The Judgment Debtors, upon receipt of this Order, shall provide the Receiver with any tax identification numbers they utilize. The Receiver shall be furnished with any and all current tax documents and any CPA in possession of such documents is authorized to, and shall, provide the Receiver with any and all such tax records requested by Receiver. The Receiver may also obtain a new tax identification number for use in establishing a receivership estate entity in connection herewith.

18. The Receiver shall determine upon taking possession of the Receivership Property, whether in the Receiver's judgment, there is sufficient insurance coverage. With respect to any insurance coverage, the Receiver shall be named as an additional insured on the policies until such time as the Receiver is discharged. If sufficient coverage does not exist, the Receiver shall notify the Parties to this lawsuit and he shall have thirty days to procure sufficient all-risk and liability insurance, provided however, if funds are not available to pay for such insurance, the Receiver shall seek instructions from the Court.

19. Upon reasonable notice, the Iota Entities shall have access to all nonprivileged documents in the Receiver's possession, and may copy any such documents at their own expense.

20. The Iota Entities shall, within fifteen (15) days of the entry of this Order, deliver to the Receiver $50,000 to fund the administration of the Receivership Estate through, at least, the Initial Reporting Period (as defined below). Thereafter, and to the extent possible, all reasonable fees, costs, and expenses of the Receivership shall be paid from the proceeds of the Receivership Property. The Receiver may also fund the administration of the instant receivership via the issuance and delivery of Receiver's Certificates to the Iota Entities, or any other person or entity the Receiver determines is an appropriate recipient. All Receiver's Certificates issued by the Receiver shall have a super priority lien on all indebtedness encumbering the Receivership Property, including the Judgment Indebtedness. Should the Receiver determine, at any time, that there are insufficient funds available to administer the Estate, including but not limited to funds insufficient to pay the Receiver's and his professionals' fees, the Receiver shall petition for and this Court will order the termination of the instant receivership.

21. Except as otherwise provided in this Order or by leave of the Court, during the pendency of the receivership, the Judgment Debtors are hereby stayed from taking any action to establish or enforce any claim, right or interest for, against, on behalf of, in, or in the name of, the Receiver, Receivership Property, or the Receiver's duly authorized agents acting in their capacities as such, including, but not limited to, the following actions:

    a. Commencing, prosecuting, litigating, or enforcing any suit against the Receiver or the Receiver's duly authorized agents and employees with respect to any matter arising out of or in connection with this Order, except that actions may be filed to toll any applicable statute of limitations;

    b. Taking or attempting to take possession of, or retaining possession of, Receivership Property;

9

c. c. Using self-help or executing or issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding, taking possession of, or interfering with, or creating or enforcing a lien upon any of the Receivership Property, wherever located; and

d. d. Doing any act or thing to interfere with the Receiver's control, possession, or management of Receivership Property, or to in any way interfere with the Receiver or the duties of the Receiver; or to interfere with the exclusive jurisdiction of the Court over the Receivership Property.

This Paragraph shall not stay the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

22. In accordance with LR 66-4, as modified given the nature and scope of the instant receivership, within 60 days of the date of the entry of this Order (the "Initial Reporting Period"), the Receiver shall file a verified report and account of the receiver's administration (the "Initial Report"), which will be heard upon 14 days' notice. The Initial Report shall address the following:

a. A summary of the operations of the Receiver;

b. An inventory of all identified Receivership Assets and their appraised value, if available;

c. A schedule of the Receiver's receipts and disbursements;

d. A schedule of all known obligations, interests, and claims (if any) against the Receivership Property; and

10

e. The Receiver's recommendations as to whether the instant receivership should continue, subject to the availability of further finding or whether it should be terminated.

23. The Iota Entities shall promptly notify the Receiver in writing of the names, addresses and telephone numbers of all parties who appear in the action and their counsel. The parties to the action shall notify the Receiver of all events that affect the receivership, including all court proceedings in this action.

24. The parties shall notify the Receiver in writing within 48 hours of any event within their knowledge that terminates the receivership. If a Judgment Debtor files a bankruptcy case during the receivership, the Iota Entities shall give notice of the bankruptcy case to the Court, to all parties, and to the Receiver by the close of the next business day after the day on which the Iota Entitles receive notice of the bankruptcy filing. The Receiver may stay in possession of the Receivership Property and continue to administer the Receivership Estate, as long as the Receiver is provided with written notice of the intention of the Iota Entities to move in the bankruptcy court for an order for (1) relief from the automatic stay, and (2) relief from the Receiver's obligation to turn over the property (11 U.S.C. § 543).

25. Nothing in this Order shall be construed to prohibit the Iota Entities from proceeding with enforcement of any of their legal remedies allowed under this Order, and the Iota Entities may proceed with post-judgment collection and execution with regard to the judgment in their favor without regard to distributions from the Receiver or otherwise until such judgment is satisfied.

26. If the money collected by the Iota Entities from the sale of the Receivership Property or other post-judgment collection is, at any time, insufficient to satisfy the amount of the Judgment Indebtedness, plus interest, fees, costs, and other amounts accruing with respect thereto, the

Judgment Debtors shall continue to be liable to the Iota Entities for the amount of such deficiency, plus interest and costs accruing thereon, until the Judgment Indebtedness is fully satisfied.

27. The Receiver and the parties to this case may, at any time, apply to this Court for further or other instructions or orders or for further powers necessary to enable the Receiver to perform the Receiver's duties properly.

IT IS SO ORDERED.

DATED February 13, 2018 .

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE

12