Abran E. Vigil, Esq.
Nevada Bar No. 7548
Maria A. Gall, Esq.
Nevada Bar No. 14200
Joseph P. Sakai, Esq.
Nevada Bar No. 13578
BALLARD SPAHR LLP
1980 Festival Plaza Drive, Suite 900
Las Vegas, Nevada 89135
Telephone: (702) 471-7000
Facsimile: (702) 471-7070
vigila@ballardspahr.com
gallm@ballardspahr.com
sakaij@ballardspahr.com

*Attorneys for Plaintiffs/Counter-defendants Iota Violet, LLC; Iota Coral, LLC; Iota Cinnamon, LLC; Iota Red, LLC; and Iota Royal, LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FDIC as Receiver for AMTRUST BANK, f/k/a Ohio Savings Bank, a federal savings bank; IOTA VIOLET, LLC, an Arizona limited liability company; IOTA CORAL, LLC, an Arizona limited liability company; RECOVEREDGE, LP, a Delaware limited partnership; IOTA CINNAMON, LLC, a Nevada limited liability company; IOTA RED, LLC, a Nevada limited liability company; and IOTA ROYAL, LLC, a Nevada limited liability company;<br><br>Plaintiffs/Counter-defendants,<br><br>v.<br><br>REX H. LEWIS, an individual, CORRALES PETERS LLC, an Arizona limited liability company; BARTLETT SUNRISE, LLC, an Arizona limited liability company; COTTONGIN, LLC, a Nevada limited liability company; MIDWAY CORNMAN, LLC, an Arizona limited liability company; PEBBLE CIMARRON LLC, a Nevada limited liability company; MESA VERDE, INC., a Nevada limited liability company; JONAH LLC, a Nevada limited liability company; REGENA TEEPEE, LLC, a | Case No. 2:10-cv-00439-JCM-VCF<br><br>**ORDER FINDING REX H. LEWIS IN CONTEMPT OF COURT** |

1 Nevada limited liability company; HH
INV, LLC, a Nevada limited liability
2 company; OMEGA VISTA, LLC, a
Nevada limited liability company;
3 ALPHA VISTA, LLC, a Nevada limited
liability company; and DOE
4 DEFENDANTS I through X, inclusive;

5       Defendants/Counter-claimants.

6

7       Presently before the Court are the Judgment Creditors' Renewed Motion for an
8 Order Holding Judgment Debtor Rex H. Lewis in Contempt (ECF No. 261), the
9 Judgment Debtor Lewis's Response thereto (ECF No. 264), the Judgment Creditors'
10 Reply in support thereof (ECF No. 267), as well as the Transcript of Proceedings for
11 the evidentiary hearing held before Magistrate Judge Ferenbach on October 16, 2017
12 (ECF No. 288) and Judge Ferenbach's Order to Show Cause and Certification of Facts
13 (ECF No. 286) resulting from that hearing. Also before the Court are Judgment
14 Debtor Lewis's Objection to the Order to Show Cause and Certification of Facts (ECF
15 No. 293), the Judgment Creditors' Response thereto (ECF No. 298) and Motion to
16 Strike (ECF No. 299), the Judgment Debtor Lewis's Response to the Motion to Strike
17 (ECF No. 300), and the Judgment Creditors' Reply in Support of the Motion to Strike
18 (ECF No. 301). The Show Cause Hearing took place on March 19, 2018, at which
19 time, and after having fully reviewed the record before it, the Court provided
20 Judgment Debtor Lewis an opportunity to present new testimony and evidence along
21 with an additional offer of proof from his attorney to demonstrate why Lewis should
22 not be held in contempt. The Court further entertained and considered arguments of
23 counsel, who were allowed to fully present arguments in support of their respective
24 positions (*see* ECF No. 306).

25       Accordingly, having been fully apprised of the facts and circumstances before
26 it, the Court hereby finds Rex H. Lewis **IN CONTEMPT** of this Court's Orders
27 compelling him to provide full and complete discovery (ECF Nos. 88 & 146) and now
28 orders as follows:

2

1. The Renewed Motion for an Order Holding Judgment Debtor Lewis in Contempt (ECF No. 261) is **GRANTED**.

2. The Objection to the Order to Show Cause (ECF No. 293) is **DENIED AND OVERRULED**.

3. The Motion to Strike (ECF No. 299) is **DENIED** as moot.

4. The Court accepts the facts certified to it by Magistrate Judge Ferenbach (*see* ECF No. 286).

5. The Court further finds that the Judgment Debtor Lewis has not shown cause why he should not be held in contempt.

6. The Court further finds the Judgment Debtor Lewis's explanations, offers of proof, positions, and arguments of counsel demonstrate that the Judgment Debtor has created an artificial mechanism, or ruse, by which to try to avoid compliance with this Court's Orders. *Cf. FTC v. Affordable Media*, 179 F.3d 1228, 1239–40 (9th Cir. 1999) ("It is readily apparent that the [judgment debtors'] inability to comply with the district court's repatriation order is the intended result of their own conduct-their inability to comply and foreign trustee's refusal to comply appears to be the precise goal of the [judgment debtors'] trust."); (*see also* ECF Nos. 88 and 146).

7. Judgment Debtor Lewis is sanctioned $500.00 per day until he demonstrates that he has produced *all* documents and information related to the Holder Trust as requested by the Judgment Creditors in post-judgment discovery, including, without limitation, the following:

    a. All documents relating to the formation of the Holder Trust, including the Memorandum of the Settlors referenced in the trust deed.

    b. All trustee reports.

    c. All due diligence questionnaires and responses thereto.

BALLARD SPAHR LLP
1980 FESTIVAL PLAZA DRIVE, SUITE 900
LAS VEGAS, NEVADA 89135
(702) 471-7000 FAX (702) 471-7070

    d.    All services and compensation agreements between any trustee of the Holder Trust and its beneficiaries and/or settlors.

    e.    All asset schedules.

    f.    All charts or diagrams showing the current or former relationship between the Holder Trust and its domestic and foreign subsidiaries and investment vehicles.

    g.    All financial statements, including, without limitation, balance sheets, general ledgers, and bank reconciliation.

    h.    All wire transfer records for wire transfers to or from the Holder Trust.

    i.    All statements and other records of distributions to or contributions from the Holder Trust.

    j.    All tax returns and supporting statements for the Holder Trust, such as K-1s, 3520 forms, and 8825 forms.

    k.    All bank and brokerage statements for accounts held by the Holder Trust.

    l.    All correspondence or evidence thereof, including e-mail correspondence and any memoranda or other memorialization of phone calls or in-person meetings, between the Holder Trust (including its trustee(s)) and:

        i.    Rex Lewis

        ii.    Its settlors or beneficiaries, including, without limitation, beneficiaries past and present;

        iii.    Christine Schwab;

        iv.    Schwab Business Services;

        v.    Robert Nagy;

        vi.    F.R. Jenkins;

        vii.    Lindsey Cooper;

|   |   |   |
|---|---|---|
|   | viii. | Apollo LLC; |
|   | ix. | Six Kids Trust; |
|   | x. | Woman LLC; and |
|   | xi. | Any banking or brokerage institutions holdings funds for Holder Trust and subsidiary entities. |

    m.    All documents related to the Holder Trust that required its trustee(s) authorization and/or signature.

    n.    All documents authorizing any person or entity other than the Holder Trust's trustee(s) to transact business on behalf of the Holder Trust.

8.    Rex H. Lewis shall pay the $500.00 per day sanction by wire transfer to a trust account held by the Judgment Creditors' counsel of record, Ballard Spahr LLP, by 4:00 p.m. each business day, and any monies accrued over non-business days shall be paid by 4:00 p.m. the next business day (e.g., on a Monday following a non-holiday weekend, Lewis shall pay by 4:00 p.m. $1,500.00, the total of the $500.00 sanction as accrued for Saturday, Sunday, and Monday).[1]

9.    The $500.00 per day sanction shall begin to accrue as of March 19, 2018, and the first payment of all accrued monies shall be paid by 4:00 p.m. of the first business day following the entry of this Order.

10.    Concurrent with each transfer of monies, counsel of record for Rex Lewis shall provide a written certification consistent with Fed. R. Civ. P. 26(g) identifying the source of the funds, including the source from which the funds originated, whether that source is a natural person, organization, bank or investment account, safe deposit box, or otherwise, and any intermediary transferee/transferor of the funds, whether that intermediary is a natural person, bank or investment account,

---

[1] Ballard Spahr LLP is to have provided wire instructions to Lewis's counsel no later than 5:00 p.m. on March 21, 2018.

5

organization, or otherwise. If the funds originated from the disposition of an asset, including without limitation real or personal property, the written certification must identify that asset and how Lewis obtained control to dispose of or otherwise monetize it.

11. Pursuant to Rule 37(b)(2)(A)(vii) of the Federal Rules of Civil Procedure and this Court's contempt powers, the $500 per day is a fine and shall not be deducted from the principal amounts of this Court's outstanding judgment against Lewis. *See United States v. United Mine Workers of Am.*, 360 U.S. 258, 303–04 (1947).

12. Rex H. Lewis shall appear before this Court on May 7, 2018, at 11:00 a.m. for a status conference to determine whether he continues to be in contempt of this Court's orders, including this Order, at which time the Court may impose further sanctions for any continuing contempt, including, without limitation, incarceration pending his compliance with this Court's orders.

**IT IS SO ORDERED:**

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE

DATED: 3/23/2018