Leland Eugene Backus, Esq.
Nevada State Bar No. 00473
Xiao Wen (Shirley) Jin, Esq.
Nevada State Bar No. 13901
**BACKUS, CARRANZA & BURDEN**
3050 South Durango Drive
Las Vegas, NV 89117
T: (702) 872-5555
F: (702) 872-5545
gbackus@backuslaw.com
shirleyjin@backuslaw.com

*Attorneys for Rex H. Lewis*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FDIC as Receiver for AMTRUST BANK, f/k/a Ohio Savings Bank, a federal savings bank, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>REX H. LEWIS, an individual, et al.,<br><br>Defendants. | Case No.: 2:10-cv-00439-JCM-VCF<br><br>**DEFENDANT REX H. LEWIS'S MOTION TO ALTER OR AMEND ORDER AND ALTERNATIVE MOTION FOR RELIEF FROM ORDER** |

Defendant Rex H. Lewis ("Mr. Lewis"), by and through his counsel of record, BACKUS, CARRANZA & BURDEN, pursuant to Federal Rule of Civil Procedure 59(e) or, alternatively, Federal Rule of Civil Procedure 60(b), moves this Honorable Court to amend or reconsider the Court's Order Finding Rex H. Lewis in Contempt of Court (ECF No. 316) ("contempt order") to prevent a manifest injustice.

**I. INTRODUCTION**

Mr. Lewis does not seek to re-argue or re-litigate issues raised by the Iota Entities' Renewed Motion for an Order Holding Judgment Debtor Rex H. Lewis in Contempt (ECF No. 261) ("contempt motion") that were considered and ruled upon by the Court. Mr. Lewis, however, seeks to amend the Court's contempt order to prevent a manifest injustice to the extent

1

1  that the contempt order rendered decisions that were neither contemplated nor adjudicated by the
2  Court.

3  Here, the Court's contempt order would perpetuate a manifest injustice because first, Mr.
4  Lewis was denied the right to object to the Iota Entities' proposed contempt order and to file his
5  competing proposed order as guaranteed to him by Local Rule 7-2(f). Secondly, the contempt
6  order which is the Court's adoption of the Iota Entities' proposed order, rendered decisions on
7  issues neither raised by the Iota Entities in their contempt motion nor considered or adjudicated
8  by the Court. As a result, Mr. Lewis is denied due process because he was not afforded the
9  opportunity to present any argument or submit any evidence on these issues before a final
10 determination was entered against him. Moreover, the Court's adoption of the Iota Entities'
11 proposed order amounts to an improper delegation of the Court's decision-making authority to
12 the Iota Entities. Therefore, Mr. Lewis respectfully requests the Court amend the contempt order
13 to prevent a manifest injustice by eliminating orders arbitrarily and erroneously made by the Iota
14 Entities as fully discussed below.

15 **II. BRIEF FACTUAL AND PROCEDURAL BACKGROUND**

16 On March 19, 2018, the Court held a hearing on Magistrate Judge Ferenbach's Order to
17 Show Cause and Certification of Facts (ECF No. 286) regarding Iota Violet, LLC, Iota Coral,
18 LLC, Iota Cinnamon, LLC, Iota Red, LLC, and Iota Royal, LLC's (the "Iota Entities") Renewed
19 Motion for an Order Holding Judgment Debtor Rex Lewis in Contempt (ECF No. 261). The
20 Court granted the Iota Entities' Renewed Motion for an Order Holding Judgment Debtor Rex
21 Lewis in Contempt and adopted Magistrate Judge Ferenbach's Certification of Facts.

22 At the hearing, the Court instructed the Iota Entities to submit a proposed order. On
23 March 21, 2018, at around **1:50 p.m.**, counsel for the Iota Entities emailed a copy of the
24 proposed order to counsel for Mr. Lewis for review but indicated that she intended to file the
25 order shortly before **5:00 p.m.** that same day.[1] Counsel for Mr. Lewis did not have an
26 opportunity to review the email and the proposed order until approximately 5:19 p.m. at which
27 time counsel for Mr. Lewis promptly notified counsel for the Iota Entities his reasons for

28 ---
[1] *See* Email from counsel for the Iota Entities, Maria Gall, Esq., attached hereto as **Exhibit A**.

2

disapproval of the proposed order.[2]

**III.  ARGUMENT**

    A.  <u>Legal Standard</u>

A "motion for reconsideration" is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e) if it is filed within ten days of entry of judgment. *See United States v. Nutri–cology, Inc.*, 982 F.2d 394, 397 (9th Cir.1992). Otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order. *Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001).

FRCP 59(e) permits a district court to reconsider and amend its previous order. There are four grounds upon which a Rule 59(e) motion to amend judgment may be granted: 1) the motion is "necessary to correct manifest errors of law or fact upon which the judgment is based; " 2) the moving party presents "newly discovered or previously unavailable evidence;" 3) the motion is necessary to "**prevent manifest injustice** (emphasis added);" or 4) there is an "intervening change in controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1254 n. 1 (9th Cir.1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2810.1 (2d ed.1995). However, Rule 59(e) offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources. *See Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). A Rule 59(e) motion may not be used to raise new arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Id*.

The moving party under Rule 60(b) is entitled to relief from judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. *See* Fed. R. Civ. P. 60(b). Rule 60(b)(6) is essentially a catch-all provision that has been used "sparingly as an equitable remedy to prevent manifest injustice." *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007) (quoting *United*

---

[2] *See* Emails from counsel for Mr. Lewis, Leland Eugene Backus, Esq., attached hereto as **Exhibit B**.

*States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir.1993). Courts use the rule "only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id*.

    B.  <u>The Court Should Amend the Order Under Rule 59(e) Or Alternatively, 60(b) To Prevent Manifest Injustice as Mr. Lewis Was Denied the Right to Properly Object to the Iota Entities' Proposed Order and to File a Competing Proposed Order Pursuant to LR 7-2(f)</u>

If the court instructs a prevailing party to file a proposed order, the prevailing party must serve the proposed order on all opposing parties or attorneys for approval as to form. Local Rule of Practice for the United States District Court for the District of Nevada ("LR") 7-2(f). The opposing parties (or, if represented by counsel, their attorneys) then have **three days** after service of the proposed order to notify the prevailing party of any reason for disapproval; failure to notify the prevailing party within three days of any reason for disapproval will be deemed an approval (emphasis added). *Id*. The prevailing party must then file the order with the word PROPOSED in the title and **must certify** to the court that it served the proposed order and that three days have passed and state any reasons for disapproval received (or that none were received) (emphasis added). *Id*. Opposing parties who have timely served reasons for disapproval may file a competing proposed order within **three days** of being served with notice that the prevailing party filed its proposed order (emphasis added). *Id*.

Here, the Iota Entities blatantly disregarded of the rules of this Court. Counsel for the Iota Entities provided counsel for Mr. Lewis a mere **three hours** to review and object to their incorrectly written proposed order as opposed to the three days mandated by LR 7-2(f). The Iota Entities also failed to certify to the Court that they served the proposed order and three days have passed and state any reasons for disapproval received despite counsel for Mr. Lewis promptly notifying his reasons for disapproval of the proposed order. Further, the Court entered the Iota Entities' incorrectly written proposed order without giving Mr. Lewis the opportunity to file his competing proposed order.[3] The Court's adoption of the Iota Entities' incorrectly written

---

[3] The Iota Entities' proposed order was filed on **March 21, 2018**. *See* ECF No. 314. Thus, Mr. Lewis had until **March 26, 2018** (as the last day of the three-day-period lands on a Saturday) to file his competing proposed order. However, the Court signed the contempt order on **March 23, 2018**. *See* ECF No. 316.

proposed order constitute a manifest injustice as Mr. Lewis was denied the opportunity to properly lodge his objections and to file a competing proposed order. Mr. Lewis now submits a competing proposed order for the Court's consideration attached hereto as **Exhibit C**.

### C. The Court's Adoption of the Iota Entities' Incorrectly Written Proposed Order Would Perpetuate A Manifest Injustice Against Mr. Lewis As the Iota Entities' Erroneously Included Orders Not Contemplated or Adjudicated by the Court

Further, the Court's adoption of the Iota Entities' proposed order represents a substantial and manifest injustice to Mr. Lewis. The Iota Entities arbitrarily and erroneously included in their proposed order orders that were neither contemplated nor adjudicated by the Court, nor requested by their contempt motion. For instance, the Iota Entities arbitrarily and erroneously included an order that Mr. Lewis identify the source of his funds for each transfer of payment of the $500 fine. This is an issue never before raised by the Iota Entities. It was not raised in their contempt motion nor was it contemplated or adjudicated upon by the Court. The inclusion of such an order would deprive Mr. Lewis of due process as he was not given notice or the opportunity to present argument or submit evidence on that issue.

Moreover, the Iota Entities unilaterally and erroneously cited to the case *FTC v. Affordable Media*, 179 F.3d 1228, 1239–40 (9th Cir. 1999) when the Court made no such reliance on *Affordable Media* to render its decisions. The Iota Entities not only erroneously cited to *Affordable Media* in their proposed order, they mischaracterized the defendants in *Affordable Media* stating: "It is readily apparent that the [**judgment debtors'**] inability to comply with the district court's repatriation order is the intended result of their own conduct-their inability to comply and foreign trustee's refusal to comply appears to be the precise goal of the [**judgment debtors'**] trust." (emphasis added).[4] However, the defendants in that case are **not judgment debtors**, they are **criminal defendants** charged by the FTC for perpetrating a fraudulent Ponzi scheme defrauding investors and consumers out of tens of millions of dollars.[5] Furthermore, the

---

[4] *See* Proposed Order Finding Rex H. Lewis in Contempt (ECF No. 314) at 3:14-17.

[5] In *Affordable Media*, a husband and wife, the Andersons, perpetrated a Ponzi scheme telemarketing fraudulent investments to consumers. *Affordable Media*, 179 F.3d at 1231–36. The Andersons then moved their illicit proceeds, an estimated $6,300,000, to a Cook Island trust. *Id*. The Federal Trade Commission (the "FTC") brought action against the Andersons to recover the money they have defrauded and charged the them with violations of the Federal Trade Commission Act and the Telemarketing Sales Rule. *Id*. at 1232. Upon the FTC's motion, the district

1  reason for the *Affordable Media* court finding contempt was the fact that the defendants failed to
2  comply with a preliminary injunction requiring repatriation of illicit proceeds and the fact that
3  they were protectors of the offshore trust having maintained control over the trust. *Id.* at 1242.
4  The offshore trust allowed the defendants significant control over the assets of the trust by
5  allowing the settlor to act as co-trustee or protector. *Id.* Further, the defendants claimed it was
6  impossible for them to comply with the repatriation provisions of the TRO and the court noted
7  that when the FTC revealed to the court they were protectors, they immediately attempted to
8  resign as protectors of the trust. *Id.* at 1243.

9        Most importantly, the Court did not cite to or rely upon the *Affordable Media* case as
10 erroneously included in the order by the Iota Entities. The only reference to *Affordable Media*
11 case was in adopting the findings of the Magistrate Judge that dealt with the burden of proving
12 impossibility.  Also, despite the Court's adoption of Magistrate Judge Ferenbach's certification
13 of facts in its entirety, including the finding that "there has been no evidence of a Memorandum
14 of Settlors…,"[6] the Iota Entities proposed the order that the Memorandum of Settlors be
15 produced. This proposed order clearly contradicts the Court's adoption of the Magistrate Judge
16 Ferenbach's certification of facts.

17       Lastly, the Iota Entities unilaterally modified the manner in which Mr. Lewis was to pay
18 the $500 fine. The Iota Entities proposed the order that the $500 fine be paid directly to counsel
19 for the Iota Entities each business day before 4:00 p.m. despite in their contempt motion, they
20 requested that the $500 fine be paid to the **Clerk of Court**.[7] In addition, the Iota Entities made
21 no such request at the hearing that the $500 fine be paid each business day before 4:00 p.m. nor
22 was such request granted by the Court. Further, daily fines are a method of computing the
23 amount of the sanction, not a requirement that the contemnor go to some location daily to pay a
24 fine. It is a method of computing the amount of the fine that grows each day the contemnor fails
25 to abide by the court's order. The order of this Court should clearly reflect that this is only the

---

court issued a preliminary injunction instructing the Andersons to repatriate their illicit proceeds which they failed to comply and were held in civil contempt. *Id.*; *See also* Objections to Order to Show Cause and Certification of Facts (ECF No. 286) at 15:13-17:19.
[6] *See* Order to Show Cause and Certification of Facts (ECF No. 286) at 3:10-13.
[7] *See* Renewed Motion for an Order Holding Judgment Debtor Rex Lewis in Contempt (ECF No. 261) at 12:12-14.

6

basis for calculating the amount of the sanction, not a convoluted requirement to go to a bank and wire money each and every day.

## IV. CONCLUSION

Based upon the foregoing, the Court's adoption of the Iota Entities' incorrectly written proposed order constitutes a substantial and manifest injustice to Mr. Lewis. The Iota Entities arbitrarily and erroneously rendered decisions in their proposed order on issues not adjudicated by this Court. Adoption of such an order would not only perpetrate a manifest injustice, it would amount to improper delegation of judicial decision-making authority to the Iota Entities. As such, Mr. Lewis respectfully requests the Court amend its contempt order to eliminate orders arbitrarily and erroneously made by the Iota Entities.

Dated this 26th day of March, 2018.

Respectfully Submitted,

**BACKUS, CARRANZA & BURDEN**

By: /s/ Leland Eugene Backus
Leland Eugene Backus, Esq.
Nevada Bar No. 00473
Xiao Wen Jin, Esq.
Nevada Bar No. 13901
3050 South Durango Drive
Las Vegas, NV 89117
*Attorneys for Rex H. Lewis*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 26, 2018, I electronically filed with the Clerk of Court the foregoing DEFENDANT REX H. LEWIS'S MOTION TO ALTER OR AMEND ORDER AND ALTERNATIVE MOTION FOR RELIEF FROM ORDER by using the CM/ECF System, which will send notice of such electronic filings to all CM/ECF parties of interest.

 /s/ Anne Raymundo
An Employee of Backus, Carranza & Burden